IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Robert Scott McKelvey, ) | |
| ) | Civil Action No. 0:17-3280-TMC |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| Commissioner of Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff Robert Scott McKelvey ("McKelvey") brought this action under 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his claim for disability insurance benefits ("DIB") under the Social Security Act ("SSA"). (ECF No. 1). This matter is before the court for review of the Report and Recommendation ("Report") of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(a), D.S.C., concerning the disposition of social security cases in this district. (ECF No. 15.)[1] The Report recommends affirming the decision of the Commissioner to deny benefits. McKelvey timely filed objections to the Report. (ECF No. 16), and the Commissioner filed a reply to those objections (ECF No. 17). The court adopts the Report and affirms the denial of benefits.

---

[1]The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

## I. Background

On July 18, 2014, McKelvey filed an application for DIB, alleging that he became unable to work on May 11, 2009, due to aback injury. (ECF Nos. 6-5 at 2-3; 6-6 at 6). He later amended the onset date to May 27, 2010. *Id.* at 23. His application was denied initially and on reconsideration. (ECF No. 6-4 at 6-7, 11). McKelvey requested a review by an administrative law judge ("ALJ"), *id.* at 17, and a hearing was held before an ALJ on December 9, 2016 (ECF No. 6-2 at 33-61).

On February 22, 2017, the ALJ denied McKelvey's claims finding him not disabled under the SSA. *Id.* at 15-27. The ALJ found that McKelvey suffered from the following serious impairments: lumbar disorder, status-post surgeries, diabetes, obesity, and hypogonadism. *Id.* at 17. However, the ALJ found that McKelvey's impairments did not meet or were not medically equal to the criteria for any of the listed impairments. *Id.* at 18. The ALJ then proceeded to assess McKelvey's residual functional capacity ("RFC"). *Id.* at 18-25. The ALJ found that McKelvey could perform light work with certain limitations. *Id.* at 18. The ALJ found McKelvey could not return to his past relevant work, but could perform other jobs in existence in the national economy in significant numbers and, therefore, denied his claims. *Id.* at 25-27.

On October 16, 2017, the Appeals Council declined to review the ALJ's decision. (ECF No. 6-2 at 2-4). McKelvey filed this action for judicial review on December 5, 2017. (ECF No. 1). In the Report, the magistrate judge sets forth the relevant facts and legal standards, which are incorporated here by reference. McKelvey filed objections to the Report on December 4, 2018 (ECF No. 16), and the Commissioner filed a response to those objections on December 12, 2018 (ECF No. 17). This matter is now ripe for review.

## II. Standard of Review

The federal judiciary has a limited role in the administrative scheme established by the SSA. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). Thus, in its review, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] own judgment for that of the [Commissioner]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

However, "[f]rom this it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Rather, "the courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

## III. Analysis

The purpose of magistrate review is to conserve judicial resources. *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). This court is to conduct a de novo review of any portion of the magistrate judge's Report to which specific, written objections are made. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.");

Fed.R.Civ.P. 72(b)(2) ("[A] party may serve and file specific written objections to the proposed findings and recommendations." (emphasis added)). "A party's objection to a magistrate judge's report must be "specific and particularized" in order to facilitate review by a district court. *Midgette,* 478 F.3d at 621. "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). Thus, a de novo review is wholly unnecessary for a district court to undertake when a party seeks to rehash general arguments that were already addressed in a magistrate judge's report. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see also Dandy v. Berryhill*, 6:17-cv-331-BHH, 2018 WL 4610757 (D.S.C. Sept. 26, 2018); *Butler v. Berryhill*, No. 4:16-cv-03209-JMC, 2018 WL 1556188, at *1 n.3 (D.S.C. Mar. 30, 2018) ("The court does not need to conduct a de novo review of objections presented in the form of '[complete statements] of arguments already made, . . . as these objections never cite specific conclusions of the [report] that are erroneous.' " (quoting *Smith v. City of N. Charleston*, 401 F. Supp. 2d 530, 533 (D.S.C. 2005)).

In his objections, as pointed out by the Commissioner, McKelvey simply rehashes the arguments he made in his opening brief. (ECF No. 17 at 2). Moreover, as the magistrate judge pointed out, McKelvey also used the argument section of his opening brief quoted verbatim to reply to the Commissioner's response. (Report at 1 n.1). McKelvey's objections, which are nothing more than a rehashing for the third time of the arguments made in his opening brief, do not specifically direct the court's attention to any specific error in the Report. Therefore, the court is not required to conduct a de novo review. Along with the record and the parties' pleadings, the court has carefully reviewed the Report for clear error. The court finds that the

magistrate judge properly addressed McKelvey's arguments, and, finding no clear error, the court adopts the Report.

## IV. Conclusion

After a thorough review of the record, the court adopts the Report (ECF No. 15) and the Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

                                                                                  s/Timothy M. Cain
                                                                                  United States District Judge

January 2, 2019
Anderson, South Carolina